IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| CHARLES MERRELL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 3:23-cv-05013-MDH |
| SWIFT TRANSPORTATION CO. ARIZONA, LLC, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER

The Court held a telephone conference on July 17, 2023 to address a discovery dispute between the parties pursuant to Local Rule 37.1. Trial courts have broad discretion in settling discovery disputes. *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 381 (8th Cir. 1992). Four specific items are at issue in this dispute. Generally, Plaintiff seeks these four items from Defendant, though Defendant claims work-product protections. The four items at issue are denoted as items 6a-d in the attached summary submitted by Plaintiff (Exhibit A). Pursuant to the telephone conference, the Court orders the following:

1) Defendant is ordered to produce the tables of ping locations on date and time of collision, excluding any notes authored by defense counsel for defense of this case.[1] Defendant shall produce a witness for deposition capable of explaining the table of ping locations and how they may be mapped.

---

[1] Identified as item 6a in Plaintiff's description of the discovery dispute. (Exhibit A).

2) Defendant is ordered to produce the spreadsheet listing pickup and drop-off locations for vehicles within 35 miles of the collision site, excluding any notes by defense counsel created for defense of this case.[2]

3) Plaintiff's objection as to maps showing pings of Swift vehicles in relation to the collision site is overruled, as Plaintiff has failed to show undue hardship in the process of recreating such maps himself, provided access to location data.[3] *See Pittman v. Frazer*, 129 F.3d 983, 988 (8th Cir. 1997) (ordinary work product not discoverable without showing "substantial need and an inability to secure the substantial equivalent of the items through alternate means without undue hardship") (citations omitted).

4) Plaintiff's objection to Defendant's failure to provide memo of analysis as to vehicle position history created by defense counsel for this case is overruled, as this constitutes opinion work product, discoverable only in extraordinary circumstances.[4] *See Pittman* at 988 (opinion work product discoverable only in extraordinary circumstances)

It is further ordered that, if Plaintiff denies its vehicles were in the vicinity of the collision alleged in complaint, Plaintiff shall directly do so by amending its interrogatory responses rather than merely referring to documents provided.

**IT IS SO ORDERED.**

Dated: July 18, 2023        */s/ Douglas Harpool*
　　　　　　　　　　　　　　　　　　　　　　　　　　**DOUGLAS HARPOOL**
　　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**

---

[2] Identified as item 6b in Plaintiff's description of the discovery dispute. (Exhibit A).
[3] Identified as item 6c in Plaintiff's description of the discovery dispute. (Exhibit A).
[4] Identified as item 6d in Plaintiff's description of the discovery dispute. (Exhibit A).