IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| CHARLES MERRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:23-cv-05013-MDH |
| | ) | |
| SWIFT TRANSPORTATION CO. ARIZONA, LLC, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On Thursday, March 28, 2024, this Court held a telephone conference regarding a discovery dispute between the parties. Following that conference, this Court rules as follows.

**With respect to Defendant's objections to Plaintiff's 30(b)(6) notice (Doc. 116):**

1) Defendant's objection to Plaintiff's fourth topic, "Defendant's conversations and communications with law enforcement regarding the accident at issue on the date of loss and thereafter" is **OVERRULED**.

2) Defendant's objection to Plaintiff's tenth topic, "Defendant's Driver Training Manual in effect on September 5, 2019" is **OVERRULED**.

3) Defendant's objection to Plaintiff's eleventh topic, "Defendant's Defensive Driving Manual or a similar manual used in driver training" is **OVERRULED**.

4) Defendant's objection to Plaintiff's twelfth topic, "Swift's policies and procedures that were in effect on September 5, 2019, relating to and concerning adverse driving conditions

1

as defined by Sections 395.1 and 395.2 of the Federal Motor Carrier Safety Regulations" is **OVERRULED**.

5) Defendant's objection to Plaintiff's thirteenth topic, "Swift's policies and procedures and guidelines for safe driving" is **OVERRULED**.

6) Defendant's objections to Plaintiff's fifteenth and sixteenth topics are **SUSTAINED** based on Plaintiff's withdrawal of those matters.

7) Defendant's objection to Plaintiff's fourth requested deposition document, "Swift's policies and procedures and guidelines for safe driving" is **OVERRULED**, conditioned on Plaintiff amending the relevant language to read as follows: "Swift's policies and procedures and guidelines for safe driving in effect on September 5, 2019." This document shall be subject to any protective order approved by this Court.

8) Defendant's objection to Plaintiff's fifth requested deposition document, "Defendant's Defensive Driving Manual or a similar manual used in driver training" is **OVERRULED**, conditioned on Plaintiff amending the relevant language to read as follows: "Defendant's Defensive Driving Manual or a similar manual used in driver training in effect on September 5, 2019." This document shall be subject to any protective order approved by this Court.

9) Defendant's objection to Plaintiff's sixth requested document, "Defendant's Driver Training Manual in effect on September 5, 2019" is **OVERRULED**. This document shall be subject to any protective order approved by this Court.

**With respect to Defendant's objections to Plaintiff's First Interrogatories:**

1) Defendant's objection to Plaintiff's fourth interrogatory request is **OVERRULED**. As discussed during the phone conference, Defendant is **ORDERED** to remove its objection to Plaintiff's fourth interrogatory and simply state its answer as reflected in its current response to Defendant's Responses to Plaintiff's First Interrogatories.

2) Defendant's objection to Plaintiff's ninth interrogatory request is **OVERRULED**, conditioned upon Plaintiff amending the language of the ninth interrogatory request as follows.

    a. Did Defendant Swift, through its agents, servants, representatives, insurance carriers, or adjusters, communicate with law enforcement regarding the collision that occurred September 5, 2019? If so, state:

        i. the name and address of each person involved in each communication;
        ii. the date of each communication; and
        iii. the subject matter of each communication.
        iv. whether a written, audio, or video record of the communication exists, and if so, indicating each person in possession of the same.

**With respect to Defendant's objections regarding the logbook produced to Plaintiff as well as electronically-stored information:**

1) Defendant is ordered to produce to Plaintiff a logbook that meets the requirements of FMCSA § 395.8 as well as relevant electronically-stored information (i.e. information from an automatic onboard recording device and electronic onboard recording device) pertinent to truck number 20057 operated by Luna Esquivel unredacted for a twenty-four hour period before and after the approximate time of the collision on September 5, 2019.

It is further ordered that Plaintiff's deadline to produce an expert report is hereby amended to thirty days following Defendant's production of the logbook and electronically-stored information described above.

**IT IS SO ORDERED.**

Dated: April 1, 2024 　　　　　　　　　　　　　　　　　　　　　　　　　　　  /s/ Douglas Harpool  
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**DOUGLAS HARPOOL**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**